UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: _____

**YENNIFER MARTINEZ**, individually
and on behalf of all others similarly situated,

    Plaintiff,

v.

**FASTTRAIN II CORP.**,
d/b/a Fast Train College,
a Florida corporation,
**ALEJANDRO AMOR**,
an individual, &
**CHRIS AMOR,**
an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff Yennifer Martinez, on her own behalf and on behalf of all others similarly situated, sues Defendants FastTrain II Corp., Alejandro Amor and Chris Amor for violating the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA").

**Parties, Jurisdiction, Venue**

1. Plaintiff Yennifer Martinez, a resident of Miami-Dade County, Florida, has been employed by Defendants since December 12, 2011.

2. At all relevant times, Plaintiff was an admissions employee at FastTrain and was based at its "Flagler Campus" in Miami, Florida.

3. Plaintiff was and is a non-exempt employee of Defendants and is entitled to overtime wages pursuant to the FLSA.  *See* 29 U.S.C. § 207.

1
SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaEmploymentLawyerBlog.com
www.Sarelson.com

4. Defendants are employers within the meaning of the FLSA. Defendants are subject to both individual and enterprise coverage within the meaning of the FLSA.

5. Defendant FastTrain II Corp. ("FastTrain") is a Florida corporation with its principal place of business in Kendall, Miami-Dade County, Florida. Fast Train has two campuses in Miami-Dade County, Florida, two campuses in Broward County, Florida, and several others throughout Florida. Based on information in the public record, the FBI and Department of Education are investigating FastTrain's fraudulent business practices. FastTrain has terminated numerous employees since this investigation began.

6. Defendant Alejandro "Alex" Amor is Plaintiff's supervisor and the owner and president of FastTrain. He is responsible for Plaintiff's wages and the non-payment of overtime wages. He is a resident of Miami-Dade County, Florida.

7. Defendant Chris Amor is Plaintiff's supervisor and the HR Director at FastTrain. He is responsible for Plaintiff's wages and the non-payment of overtime wages. He is a resident of Miami-Dade County, Florida.

8. Jurisdiction is based on 28 U.S.C. § 1331 (federal question jurisdiction).

9. Venue is proper in the U.S. District Court for the Southern District of Florida pursuant to 28 U.S.C. § 89(c) because Defendants reside, and the causes of action accrued, in Miami-Dade County, Florida.

**Facts**

10. Plaintiff was hired by Fast Train on or around December 12, 2011 as an admissions representative, and as of the date of the filing of this Complaint, is still employed by Defendants with the same job title and duties.

SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaEmploymentLawyerBlog.com
www.Sarelson.com

11.     Plaintiff's job title is "admissions representative" and her job duties, as directed by Defendants, involve recruiting new students to attend Fast Train and assisting new students with the enrollment process.  She was and is a non-exempt employee.

12.     Plaintiff reported to Fast Train's HR director Chris Amor and Fast Train's owner/president Alejandro "Alex" Amor.

13.     When Plaintiff began working in December 2011, she was told that she would work 40 hours per week and would never have to work overtime.  There is no written employment contract.

14.     Plaintiff was paid approximately $800 per week (or $20 per hour) from December 12, 2011 through May 1, 2012.  Her compensation did not fluctuate, even though the amount of hours she worked per week (between 40 and 70) did.

15.     Plaintiff is pregnant and took an unpaid leave of absence for health reasons from May 1, 2012 to May 22, 2012.  She was unable to meet the physical demands of off-site, outdoor student recruitment and FastTrain assigned her to continue work at an air conditioned mall on May 23, 2012.

16.     From May 23, 2012 to the date of filing, FastTrain reduced Plaintiff's hourly rate from $20 per hour to $13 per hour.  At this time, it is unknown whether FastTrain will continue to deny Plaintiff overtime wages.

17.     Plaintiff did not clock in and clock out because most of her work involved off-site student recruitment.  Sometimes, HR Director Chris Amor would direct Plaintiff to send him e-mails indicating when she started and stopped work.  However, FastTrain's definition of on-the-clock "work" is erroneous.  For example, FastTrain would tell Plaintiff that she was "off-the-

3
SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaEmploymentLawyerBlog.com
www.Sarelson.com

clock," but then Plaintiff would have to drop new student recruits off at home, a work function. Defendants do not maintain records accurately reflecting the amount of hours actually worked.

18. The amount of hours that Plaintiff actually worked from December 12, 2011 to May 1, 2012 fluctuated between 40 and 70 hours per week, but she received the same amount of pay each bi-weekly pay period during this period.

19. Plaintiff was asked to work, and regularly did work, in excess of 40 hours per week, and worked an average of 50 hours per work week between December 12, 2011 and May 1, 2012.

20. Fast Train has its admissions employees, including Plaintiff, work more than 40 hours per week to enroll the requisite amount of students (five per three-week period), and has its employees work in excess of 40 hours per week as punishment for poor "productivity," or in the hopes that the representative will increase his or her recruitment numbers.  This is despite FastTrain's purported "no overtime" for admissions employees policy that is conveyed to these employees.

21. Plaintiff has witnessed that numerous other Fast Train employees are, or have been, denied overtime wages in the same manner that she was in violation of the FLSA.

22. All administrative prerequisites have been satisfied or waived.

23. Plaintiff has retained counsel and is obligated to pay a fee for services rendered.

### Count I – Fair Labor Standards Act (Overtime Violation)
### (Against all Defendants)

24. Plaintiff incorporates paragraphs 1 – 23.

25. Plaintiff is and was a non-exempt, hourly employee within the meaning of the FLSA and was entitled to overtime wages pursuant to the FLSA.

4
SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaEmploymentLawyerBlog.com
www.Sarelson.com

26. Defendants are employers within the meaning of the FLSA. Defendants are subject to both individual and enterprise coverage within the meaning of the FLSA. The individual Defendants are personally responsible for the non-payment of Plaintiff's overtime wages.

27. Plaintiff began working as a non-exempt admissions employee at Fast Train on or around December 12, 2011.

28. When she began working and throughout her employment, Plaintiff was told that she would be working no more than 40 hours per week and that she would not be paid overtime. Defendants tell their admissions employees that they have a "no overtime" policy.

29. Plaintiff was compensated about $800 per week ($20 per hour) from December 12, 2011 to May 1, 2012, or approximately 20 weeks.

30. Plaintiff actually worked an average of 50 hours per week during this period, but was only compensated for 40 hours per week.

31. Plaintiff is entitled to unpaid back pay at time-and-a-half for all hours worked in excess of 40 per week without compensation. (Overtime rate of $30 times 20 weeks times 10 unpaid hours per week = $6,000 in back pay, approximately).

32. Defendants' violation of the FLSA was willful and intentional. Defendants knew that admissions employees like Plaintiff should have been classified as non-exempt, yet they regularly had Plaintiff work in excess of 40 hours per week without paying her proper overtime wages. Defendants told Plaintiff that she would never have to work overtime but then forced her to do so without properly compensating her.

33. Plaintiff is entitled to an award of back pay and liquidated damages equal to the amount of the back pay (approximately $12,000 total).

5
SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaEmploymentLawyerBlog.com
www.Sarelson.com

## Demand for Jury Trial

Plaintiff demands a trial by jury on all issues so triable.

## Prayer for Relief

Plaintiff prays that this Court enter judgment in her favor against Defendants FastTrain II Corp., Alejandro Amor and Chris Amor (jointly and severally) and award monetary damages for back pay, liquidated damages, reasonable attorneys' fees and costs and any other relief this Court deems appropriate.

Respectfully submitted,

/s/ Matthew Sarelson
Matthew Seth Sarelson, Esq.
Fla. Bar No. 888281
Max M. Nelson, Esq.
Fla. Bar No. 84532
**SARELSON LAW FIRM, P.A.**
1200 Brickell Avenue, Suite 1440
Miami, Florida 33131
305-379-0305
800-421-9954 (fax)
msarelson@sarelson.com
mnelson@sarelson.com

6
SARELSON LAW FIRM, P.A., 1200 Brickell Avenue, Suite 1440, Miami, Florida 33131, 305-379-0305, 800-421-9954 (fax)
www.FloridaEmploymentLawyerBlog.com
www.Sarelson.com